**DUBAI ISLAMIC BANK, Plaintiff,**

v.

**CITIBANK, N.A., Defendant.**

**No. 99 CIV 1930 RMB THK.**

United States District Court,
S.D. New York.

June 25, 2001.

John K. Crossman, Drier & Baritz, LLP, New York, NY, for Dubai Islamic Bank.

Denis J. McInerney, Davis Polk & Wardwell, New York, NY, for Citibank, N.A.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

Plaintiff Dubai Islamic Bank ("Plaintiff" or "DIB") objects to the Protective Order issued on April 19, 2001 by United States Magistrate Judge Theodore H. Katz ("Protective Order") on the following three grounds: (1) Citibank has not shown "good cause" for issuance of a protective order; (2) the Order is improper under Rule 72(a) of the Federal Rule of Civil Procedure ("Fed. R. Civ.P.") because it was issued without a motion or a hearing; and (3) the Order violates DIB and the public's First Amendment rights. (Plaintiff's Memorandum of Law in Support of Objections to Magistrate Judge's Protective Order at 8–10). **For the reasons set forth below, Magistrate Judge Katz's Order is affirmed.**

### II. Standard of Review

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, such as here, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thompson v. Keane*, 1996 WL 229887 at *1 (S.D.N.Y. May 6, 1996). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thompson*, 1996 WL 229887 at *1 (citations omitted); *see also Siao–Pao v. George*, 1992 WL 236184 at *2 (S.D.N.Y. Sept. 10, 1992). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or

rules of procedure." *Thompson,* 1996 WL 229887 at *1. **A magistrate judge's resolution of discovery disputes deserves substantial deference.** *See Siao–Pao,* 1992 WL 236184 at *2; *Thompson,* 1996 WL 229887 at *1.

## III. Analysis

Having reviewed the record herein including, among other things, the Protective Order; Plaintiff's Notice of Objections to the Magistrate Judge's Protective Order, dated May 3, 2001; Plaintiff's Memorandum of Law in Support of Objections to Magistrate Judge's Protective Order ("Plaintiff's Objections"), dated May 3, 2001; Defendant Citibank's Memorandum of Law in Opposition to Plaintiff's Objections to Magistrate Judge's Protective Order ("Defendant's Response to Plaintiff"), dated May 16, 2001; and Affidavit in Opposition to Plaintiff's Objections to Magistrate Judge's Protective Order, by Denis J. McInerney, dated May 16, 2001; as well as the relevant legal authorities, the Court concludes that issuance of the Protective Order was neither clearly erroneous nor contrary to law.

■ First, Citibank demonstrated good cause for a protective order as required under Fed.R.Civ.P. 26(c), by presenting confidentiality and privacy concerns over the categories of documents for which it sought protection.[1] *See In re Agent Orange Product Liability Litigation,* 821 F.2d 139, 142 (2d Cir.1987) ("The party seeking to prevent dissemination had the burden of showing that good cause existed for continuation of the order with respect to the discovery material in question.") A court may, for good cause shown, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that "disclosure or discovery ... be had only on specified terms and conditions." *Marisol v. Giuliani,* 1997 WL 630183 at *2 (S.D.N.Y. Oct. 10 1997).

■ Second, the Protective Order complied with Fed.R.Civ.P. 72(a), which requires a magistrate judge to whom a pretrial discovery matter is referred to "promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Here, Magistrate Judge Katz, after having received a letter brief from Citibank, dated March 29, 2001, requesting entry of a confidentiality order and a letter brief from DIB, dated April 2, 2001, in opposition, conducted a telephone conference with the parties on April 6, 2001. During the conference, both sides presented arguments. Following the conference, Judge Katz ruled in Citibank's favor. No further hearing is necessary under S.D.N.Y. Local Civil Rule 37.2, and Magistrate Judge Katz's Individual Practices.[2]

---

1. Citibank sought protection for the following types of documents: (1) bank account records of Citibank clients, both individual and corporate; (2) Citibank anti-money laundering compliance policies and procedures; (3) documents that deal with bank-to-bank wire transfer security procedures, with respect both to proprietary and non-proprietary electronic banking systems; and (4) the personnel records of Citibank employees. (Citibank's March 29, 2001 letter to Magistrate Judge Katz.)

2. In a letter dated March 13, 2001, Magistrate Judge Katz advised the parties: "If any discovery disputes arise during this case the parties must make a good faith effort to resolve them. If they cannot be resolved, they should be brought to my attention by letter. This letter should be brief and to the point so as to allow for expeditious resolution of discovery disputes without the need for formal motions."

Finally, where, as here, protective orders are aimed at discovery materials, such orders are not subject to a high (First Amendment) level of scrutiny. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 37, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (holding that there is no First Amendment Right to publicize information obtained in discovery. "We therefore hold that where, as in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery and does not restrict the dissemination of information if gained from other sources, it does not offend the First Amendment."); *see also Byrnes v. Empire Blue Cross Blue Shield,* 2000 WL 60221 at *1 (S.D.N.Y. Jan. 25, 2000) (recognizing that "public interest in access to discovery materials is recognized as generally of a limited order").

*Conclusion*

Accordingly, Magistrate Judge Katz's Protective Order, dated April 19, 2001, is affirmed. **The Court is concerned (and the parties are hereby notified) that the litigation may be getting away from counsel in the form of needless discovery disputes, motions, etc. Counsel are directed to: (i) review Fed.R.Civ.P. 1 and 11, and (ii) forthwith discuss the contents of this Order with their clients.**